IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10393
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LARRY GENE POWELL,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:95-CR-184-ALL-R
--------------------
June 13, 2000

Before JOLLY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Larry Gene Powell appeals the revocation of his supervised release under 18 U.S.C. § 3583(e)(3).  Powell argues, for the first time on appeal, that the revocation of his supervised release violates the Double Jeopardy Clause.  Accordingly, we review for plain error.  United States v. Lankford, 196 F.3d 563, 577 (5th Cir. 1999).  In order to be reversible, the error must be "clear or obvious under current law."  Id. at 578 (citing United States v. Olano, 507 U.S. 725, 734(1993)).

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although whether the Double Jeopardy Clause is violated by the revocation of supervised release under § 3583(e)(3) is an issue of first impression for us, the Supreme Court has held that "there is no double jeopardy protection against revocation of probation and the imposition of imprisonment." United States v. DiFrancesco, 449 U.S. 117, 136 (1980). Other circuits have determined that the revocation of supervised release does not violate double jeopardy principles. See United States v. Soto-Olivas, 44 F. 3d 788, 789-90 (9th Cir. 1995); see also United States v. Wyatt, 102 F.3d 241, 245 (7th Cir. 1996).

In light of the above cases, Powell cannot demonstrate that the district court committed plain error in revoking his supervised release. Accordingly, the district court's judgment is AFFIRMED.